TATE, J.,
in concurring, also notes that the trial court will have before it the mb *225 tion to quash based upon the denial of a speedy trial, when it rules upon the effect of the pleadings filed for the first time here and not called to the attention of the trial court, despite its specific request for such information.
DIXON, J., dissents. The ruling of the trial judge is correct.
The prosecution in this case has expressed no intention to proceed to trial on these indictments, as found by the trial judge in hearings on May 14 and May 27, 1975. (See p. 150 of our # 56,394.)
The affidavit attached to the State’s application (which was not before the trial judge) is in conflict with records of these cases already on file in this court. The motion to recuse the D.A., Sargent Pitcher, the motion to quash the bill of indictment and the motion to inspect the minutes of the Grand Jury were decided (denied) on April 14,1972 by Judge Donovan Parker, (p. 67 of our # 56,394). If there is a pending motion for change of venue, we should not assume the trial judge is unaware of it, for there is also a motion for a speedy trial filed in these cases on September 26, 1972. (See p. 172 of our # 56,394; this motion is as yet undecided, but cannot be said to retard the trial.)
The burden of proof to show interruption or suspension of prescription is on the State, and the State has failed to make such proof.